ON PETITION FOR HEARING EN BANC
PER CURIAM.

ORDER

A petition for initial hearing en banc or, in the alternative, a motion for summary affirmance * was filed by the Appellants. A response thereto was invited by the court and filed by the Appellee. A reply *1327 thereto was invited and filed by the Appellants. The petition for initial hearing en banc and the motion for summary affirmanee were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.
Upon consideration thereof,
IT IS ORDERED THAT:
(1) The petition for initial hearing en banc is denied.
(2) The motion for summary affirmance has been referred to the motions panel.
MICHEL, Chief Judge,
with whom
LOURIE and MOORE, Circuit Judges, join, dissenting from the denial of the petition for hearing en banc.
I dissent from the decision of the court to deny the petition of the plaintiffs-judges for en banc hearing. Because it presents constitutional issues of the Compensation Clause and the independence of the judiciary as a separate and equal Branch, this is clearly an appeal “of exceptional importance.” See Fed. R.App. P. 85(a)(2). Further, there appears to be no meaningful consideration any panel of the court can give the appeal in light of the binding precedent of Williams v. United States, 240 F.3d 1019 (Fed.Cir.2001). Unless this court agreed to hear this appeal en banc, it could do no more than rubber stamp the dismissal of the judges’ complaint ordered by the Court of Federal Claims based on the very same Williams precedent. I would have preferred that we shouldered our responsibility as the reviewing court for the Court of Federal Claims to consider the appeal on its merits, which requires revisiting Williams, whether or not we ultimately upheld it. In my view, our responsibility is in no way diminished because the case involves judicial pay, and hence self-interest, and presents constitutional issues that may be considered controversial. From the divided vote not to hear the appeal en banc, I therefore respectfully dissent.

 Action on the motion for summary affirmance will issue in a separate order.